UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SPECIALTY COMMERCE CORP. (d/b/a Paula Young),**<br><br>**Plaintiff,**<br><br>v.<br><br>**VINCENT JAMES CO., INC. (d/b/a The Wig Company),**<br><br>**Defendant.** | **Case No.:** 15-11634 |

## COMPLAINT

1.      Plaintiff Specialty Commerce Corp., d/b/a Paula Young, complaining of Defendant, Vincent James Co., Inc., d/b/a The Wig Company, alleges as follows:

## STATEMENT OF THE CASE

2.      This is a civil action for equitable and injunctive relief brought pursuant to the Lanham Act, 15 U.S.C. § 1125(a) and related claims based on Defendant's wrongful use of false descriptions and misrepresentations regarding the nature, characteristics or qualities of Paula Young's wigs in Defendant's advertising.  Plaintiff seeks injunctive relief, disgorgement, and its reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

3.      This claim arises under the Trademark Act of 1946, 15 U.S.C. § 1125(a).  This Court has subject matter jurisdiction over the claims in this action, which relate to false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. The causes of action for commercial disparagement, breach of contract, and tortious interference

with business relationships arise under common law of the Commonwealth of Massachusetts. The Court has jurisdiction over these substantial and related claims pursuant to 28 U.S.C. § 1338(b) and § 1367.

4.     This Court has personal jurisdiction over the Defendant because Defendant is distributing catalogs featuring the misleading advertising material that is the subject of this action in this judicial district.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) as the Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts and the wrongful acts committed by the Defendant occurred in and are causing injury in the Commonwealth of Massachusetts.  Defendant is distributing the misleading advertising material that is the subject of this action in this judicial district.

## THE PARTIES

6.     Plaintiff  Specialty Commerce Corp. d/b/a Paula Young.  ("Plaintiff" or "Paula Young") is a Delaware corporation having its principal place of business at 400 Manley St., West Bridgewater, MA 02379.

7.     Defendant Vincent James Co., Inc d/b/a The Wig Company ("Defendant") is a Pennsylvania corporation having its principal place of business at 1387 McLaughlin Run Road, Pittsburgh, PA 15241.

8.     At all times relevant hereto, Defendant has been doing business in this judicial district, and has distributed and is distributing catalogs featuring false descriptions and representations about Paula Young.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.     Paula Young is a leading retailer of hairpieces and wigs that has enjoyed significant national popularity and distinction since 1982.

10. Defendant is a direct competitor of Paula Young.

11. Since at least January of 2015, Defendant has made, published, disseminated, and otherwise placed before the public, including consumers within the commonwealth, advertisements that incorporate the following statement which it claims was made by customer "Lois P." of Chicago (the "Customer"): "I had cancer and chemotherapy 9 years ago and lost my hair. I have been ordering my wigs from Paula Young, but I have been unsatisfied with their design and quality." (the "Offending Statement"). A true and correct copy of such advertisement is attached hereto as <u>Exhibit A</u>.

12. The use of the Offending Statement in Defendant's advertising implies that such is representative of what the typical or ordinary consumer may experience with respect to the quality and design of Paula Young's wigs.

13. Upon information and belief, the Customer may not exist.

14. Even if the Customer does exist, upon information and belief, she did not make the Offending Statement or the Offending Statement itself is false.

15. Even if the Customer exists and made the Offending Statement, the use of the Offending Statement in Defendant's advertising is untrue, deceptive or misleading because it lacks independent substantiation or objective support.

16. Furthermore, upon information and belief, the Defendant is aware that at least some of its wigs are manufactured at the same facilities as Paula Young's wigs; hence the Defendant's claims of superior design and quality are false and misleading.

17. On or about January 13, 2015, Paula Young notified Defendant that the Offending Statement constituted, without limitation, a violation of the Lanham Act, and demanded that the Defendant cease its use of the false and misleading representations of Paula Young's wigs –

including those made in the Offending Statement – or risk litigation (the "Demand Letter").  A true and correct copy of the Demand Letter is attached hereto as Exhibit B.

18. On or about January 20, 2015, Defendant accepted Paula Young's offer to cease use of the Offending Statement in exchange for avoiding litigation, stating that Defendant "has no intention of including the objected-to customer letter in further catalogs" and that, accordingly, it considered the matter closed (the "Acceptance Letter").  A true and correct copy of the Acceptance Letter is attached hereto as Exhibit C.

19. In reliance on Defendant's representations in the Acceptance Letter that it accepted the terms of the Demand Letter by ceasing use of the Offending Statement, Paula Young took no further steps to litigate the matter.

20. The documents and conduct of Paula Young and the Defendant detailed in Paragraphs 17-19, above, constitutes a binding and enforceable agreement (the "Agreement").

21. After Paula Young and Defendant entering into the Agreement, on or about March 30, 2015, Paula Young discovered that Defendant had continued to use the Offending Statement in advertising despite being put on notice that such was in violation of Paula Young's rights and despite agreeing to refrain from doing so in the Agreement.  A true and correct copy of the subsequent advertisement is attached hereto as Exhibit D.

22. Defendant knew, or might on reasonable investigation have ascertained, that the Offending Statement was untrue, deceptive or misleading.

23. Defendant's use of the Offending Statement damages Paula Young's excellent and hard-earned reputation for providing high-quality, well-designed wigs, causing financial and reputational harm to Paula Young.

## FIRST CLAIM FOR RELIEF
### (Federal Unfair Competition- False Descriptions and Representations)
### [15 U.S.C. § 1125(a)]

24. Paula Young incorporates all prior allegations as if set forth fully herein.

25. This is a claim for false designation of origin and false description or representation arising under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

26. The use of the Offending Statement on advertising distributed by the Defendant constitutes a false description or representation that wrongly and falsely misrepresents the nature, characteristics, or qualities of Paula Young's goods, services, or commercial activities.

27. Through Defendant's acts as described in this Complaint, Defendant has violated and is continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Paula Young has been damaged and will continue to be damaged by Defendant's acts.

28. Paula Young is without an adequate remedy at law and is entitled to a permanent injunctive relief.

## SECOND CLAIM FOR RELIEF
### (Common Law Commercial Disparagement)

29. Paula Young incorporates all prior allegations as if set forth fully herein.

30. Upon information and belief, Defendant intended for publication of the Offending Statement to result in a pecuniary harm to Paula Young, or either recognized or should have recognized that it is likely to do so.

31. Upon information and belief, Defendant knew that the Offending Statement was false or acted in reckless disregard of its truth or falsity.

32. Defendant's conduct, as described above, constitutes commercial disparagement in violation of the common law of the Commonwealth of Massachusetts.

33. Defendant's conduct, as described above, has caused and will continue to cause irreparable injury to Paula Young and, unless said acts are restrained by this Court, such conduct will be continued and Paula Young will continue to suffer irreparable injury.

34. Paula Young has no adequate remedy at law.

35. Defendant's conduct described above has harmed Paula Young's reputation and has caused damages to Paula Young in an amount to be determined.

36. Defendant's conduct described above has unlawfully enriched and benefited Defendant in an amount to be determined.

### THIRD CLAIM FOR RELIEF
**(Breach of Contract)**

37. Paula Young incorporates all prior allegations as if set forth fully herein.

38. The Agreement constituted a valid, enforceable, written contract.

39. Defendant was bound by the terms of the Agreement and, at all times relevant hereto, had the ability to comply with its terms.

40. By the conduct described above, Defendant has materially breached, and continues to breach, the Agreement between Paula Young and itself by continuing to include the Offending Statement in its advertising and promotional material after entering into the Agreement with Paula Young.

41. Defendant's breach is willful and deliberate and undertaken with the intent damage the reputation of Paula Young and its products.

42. Defendant's breach of contract is the proximate cause of damage to Paula Young.

### FOURTH CLAIM FOR RELIEF
**(Tortious interference with business relationships)**

43. Paula Young incorporates all prior allegations as if set forth fully herein.

44. The Defendant's conduct described above constitutes tortious interference with Paula Young's advantageous business relations with current and prospective customers.

45. On information and belief, Defendant has intentionally, knowingly, willfully and through improper motives and means, interfered with Paula Young's advantageous business relations with consumers.

46. As a result of Defendant's intentional and improper interference with Paula Young's advantageous business relationship with customers, Paula Young has suffered, and continues to suffer damages including, but not limited to, loss of profits and sales opportunities, other financial losses, and loss of reputation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Specialty Commerce Corp. asks that this Court:

A. Grant a preliminary and permanent injunction enjoining and restraining the Defendant, and its agents, servants, employees, and attorneys and all those in active concert or participation with it, from:

   i. using any false description or representation (including, without limitation, the Offending Statement) regarding the nature, characteristics, or qualities of Paula Young's goods, services, or commercial activities;

   ii. engaging in further acts of unfair competition arising from the Defendant's unlawful and improper use of false descriptions or representations regarding the nature, characteristics, or qualities of Paula Young's goods, services, or commercial activities;

   iii. causing disparagement of the name, reputation or goodwill associated with Paula Young's wigs; and

   iv. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iii), above.

7

B. Enter an order:

    i. Finding that the Defendant has unfairly competed with Paula Young by the acts complained of herein;

    ii. Finding that the Defendant has engaged in tortious commercial disparagement by the acts complained of herein;

    iii. Finding that the Defendant has breached its Agreement with Paula Young to cease all use of the Offending Statement in advertising;

    iv. Finding that the Defendant has engaged in tortious interference with Paula Young's business relationships;

    v. Directing that the Defendant deliver up for destruction to Paula Young any and all advertising or promotional material containing the Offending Statement;

    vi. Requiring that the Defendant, within thirty (30) days after service of notice of the entry of judgment, or an injunction pursuant thereto, file with the Court and serve on Paula Young's counsel a written report under oath setting forth in detail the manner in which the Defendant has complied with the Court's order;

    vii. Awarding to Paula Young all of the Defendant's gross profits and any other damages Paula Young has sustained as a consequence of the Defendant's false descriptions and misrepresentations regarding Paula Young's wigs, as provided for under 15 U.S.C. § 1117(a);

    viii. Awarding to Paula Young the costs of this action together with reasonable attorney's fees and costs in accordance with 15 U.S.C. § 1117;

    ix. Awarding to Paula Young such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Paula Young has incurred in connection with this action.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

        Respectfully submitted,

        **SPECIALTY COMMERCE CORP.**

        By its Attorneys,
        BURNS & LEVINSON LLP


        */s/ Mark Schonfeld*
        Mark Schonfeld (BBO #446980)
        Burns & Levinson LLP
        125 Summer Street
        Boston, MA  02110
        Telephone:  (617) 345-3000
        Facsimile:  (617) 345-3299
        mschonfeld@burnslev.com

Dated:  April 17, 2015

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing for this case.

Dated: April 17, 2015                           */s/ Mark Schonfeld*
                                                        Mark Schonfeld, Esq.

4815-1428-4066.